**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NORWOOD COOK, | : | |
| | : | Civil Action No. 04-5713 (RBK) |
| Petitioner, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| WARDEN, FORT DIX | : | |
| CORRECTIONAL INSTITUTION, | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

    NORWOOD COOK, Petitioner pro se
    #08831-084
    F.C.I. Raybrook
    P.O. Box 9009
    Raybrook, New York 12977

    IRENE E. DOWDY, AUSA
    United States Attorney's Office
    402 East State Street, Suite 430
    Trenton, New Jersey  08608

**KUGLER**, District Judge

This matter is before the Court on petitioner's motion pursuant to Fed.R.Civ.P. 60(b)(2), for relief from this Court's Order, filed on December 16, 2005, denying his petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1]  Petitioner's motion is dated June 15, 2006 and was received by the Clerk's office on June 19, 2006.  Respondent filed a letter in

---

[1] The Court notes that this matter is presently on appeal in the Third Circuit.

opposition, on July 14, 2006. The Court will consider the motion pursuant to Fed.R.Civ.P. 78.

### I.   BACKGROUND

Petitioner, Norwood Cook ("Cook"), requests relief from this Court's December 16, 2005 Order denying his § 2241 petition for lack of merit. In his petition, Cook had challenged disciplinary sanctions imposed against him while at FCI Fort Dix for violating Code 297 pertaining to unauthorized use of the telephone for purposes other than criminal. In particular, on May 14, 2003, Cook admitted that he had made a telephone call during which the direct recipient had relayed information between Cook and a third party via another telephone connection.

In his petition, Cook had argued that he did not know that this telephone conduct was prohibited. In denying the petition, this Court found that Cook had received a handbook at FCI Fort Dix, which clearly informed inmates that three way calls are prohibited. Thus, Cook had actual notice of the type of telephone calls and conversations prohibited.

The Court also denied petitioner's motion for discovery. Cook had sought to obtain a copy of his January 2005 Inmate Screening Form from the FDC Philadelphia. This Court held that the discovery sought had little relevance or probative value of the issues pertinent to a determination of the petition,

primarily because the Inmate Intake Form was signed by Cook almost 1½ years after the disciplinary infraction had occurred.

Cook now asks this Court to vacate its earlier Order based on "newly discovered evidence." The new evidence is the January 18, 2005 Intake Screening Form,[2] which this Court had previously determined was not relevant in reaching a disposition on Cook's § 2241 habeas petition.

## II.  ANALYSIS

Rule 60(b) provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

"The general purpose of Rule 60(b) ... is to strike a proper balance between the conflicting principles that litigation must

---

[2] The January 18, 2005 Intake Screening Form at FDC Philadelphia indicates that Cook did not receive an orientation handbook, which would have apprised him of prohibited telephone use and conduct.

be brought to an end and that justice must be done." Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978) (quoted in Coltec Industries, Inc. v. Hobgood, 280 F.3d 262, 271 (3d Cir.), cert. denied, 537 U.S. 947 (2002)).

> A motion filed pursuant to Rule 60(b) is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981). Rule 60(b), however, "does not confer upon the district courts a 'standardless residual of discretionary power to set aside judgments.'" Moolenaar v. Government of the Virgin Islands, 822 F.2d 1342, 1346 (3d Cir. 1987). Rather, relief under rule 60(b) is available only under such circumstances that the "'overriding interest in the finality and repose of judgments may properly be overcome.'" Harris v. Martin, 834 F.2d 361, 364 (3d Cir. 1987) (quoting Martinez-McBean v. Government of the Virgin Islands, 562 F.2d 908, 913 (3d Cir. 1977)). "The remedy provided by Rule 60(b) is 'extraordinary, and [only] special circumstances may justify granting relief under it.'" Moolenaar, 822 F.2d at 1346 (citations omitted).

Tischio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998) (citations omitted).

Here, there is nothing new or relevant about the evidence Cook now wishes the Court to consider in this Rule 60(b)(2) motion. At the time this Court made its ruling on the petition, the Court found that discovery of the January 2005 FDC Philadelphia Inmate Intake Screening Form had no probative value. It would make no difference in the Court's final determination of the merits of the petition whether Cook did or did not receive an

inmate handbook at FDC Philadelphia in January 2005, more than a year after the disciplinary infraction occurred at FCI Fort Dix.

Further, this "new" information showing that Cook did not receive a handbook in January 18, 2005, does not change the facts, as found by this Court, that the infraction took place at FCI Fort Dix, that Cook had received a handbook upon admission to FCI Fort Dix, and that the FCI Fort Dix handbook informed inmates that three way phone calls were prohibited.  The January 2005 Intake Screening Form was signed long after the date of the infraction, and would have no probative value with respect to the issues raised in this case, *i.e.*, whether at the time he committed the May 14, 2003 infraction Cook was aware of the prohibited conduct.

Therefore, the "newly discovered evidence" now proffered by Cook would not serve to change the result reached by this Court in its original determination.  Cook has not demonstrated "extraordinary" and "special circumstances" to justify granting relief under Rule 60(b).  <u>Moolenaar</u>, 822 F.2d at 1346 (citations omitted).  Accordingly, there is no warrant for relief under Fed.R.Civ.P. 60(b)(2), and the motion will be denied.

### III.   <u>CONCLUSION</u>

For the reasons set forth above, petitioner's motion under Fed.R.Civ.P. 60(b)(2) for relief from this Court's December 16,

2005 Opinion and Order will be denied.  An appropriate order follows.

                                                               S/Robert B. Kugler
                                                               ROBERT B. KUGLER
                                                               United States District Judge

Dated: August 10, 2006