**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
NORWOOD COOK,                          :
                                       :    Civil Action No. 04-5713 (RBK)
            Petitioner,                :
                                       :
      v.                               :         O P I N I O N
                                       :
WARDEN, FORT DIX                       :
CORRECTIONAL INSTITUTION,              :
                                       :
            Respondent.                :
```

**APPEARANCES:**

    NORWOOD COOK, Petitioner pro se
    #08831-084
    F.C.I. Raybrook
    P.O. Box 9009
    Raybrook, New York 12977

    IRENE E. DOWDY, AUSA
    United States Attorney's Office
    402 East State Street, Suite 430
    Trenton, New Jersey  08608

**KUGLER**, District Judge

This matter is before the Court on petitioner's motion pursuant to Fed.R.Civ.P. 60(b)(6), for relief from this Court's Order, filed on December 16, 2005, denying his petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Petitioner's motion is dated January 9, 2008 and was received by the Clerk's office on January 14, 2008.  Respondent filed a letter in opposition, on January 25, 2008.  The Court will consider the motion pursuant to Fed.R.Civ.P. 78.

I.  BACKGROUND

Petitioner, Norwood Cook ("Cook"), requests relief from this Court's December 16, 2005 Order denying his § 2241 petition for lack of merit.  In his petition, Cook had challenged disciplinary sanctions imposed against him while at FCI Fort Dix for violating Code 297 pertaining to unauthorized use of the telephone for purposes other than criminal.  On May 14, 2003, Cook had made a telephone call during which the direct recipient had relayed information between Cook and a third party via another telephone connection.  Cook admitted the conduct but argued that he did not know that such telephone calls were prohibited.  In denying the petition, this Court found that Cook had received a handbook at FCI Fort Dix, which clearly informed inmates that three way calls are prohibited.  Thus, Cook had actual notice of the type of telephone calls and conversations prohibited.

Cook now asks this Court to vacate its earlier Order, pursuant to Fed.R.Civ.P. 60(b)(6), based on his contention that this Court "misapprehended the facts because it did not carefully scrutinize the documentary evidence provided by the Federal Bureau of Prisons."[1]  (Petitioner's Motion, Doc. Entry No. 32 at

---

[1]  In June 2006, Cook had filed an earlier motion for relief from the December 16, 2005 Order, pursuant to Rule 60(b)(2). Cook had argued that "newly discovered evidence," namely, a January 18, 2005 Intake Screening Form, showed that he did not receive a handbook at that time, and thus, this evidence could be extrapolated to prove that he did not receive a handbook on March 13, 2003.  This Court denied the motion by Opinion and Order

pg. 1). Specifically, Cook contends that the form signed by petitioner on March 27, 2003, concerning receipt of the handbook, was signed at FCI Fort Dix, and not FDC Philadelphia. Cook thus claims that he never received a handbook at FDC Philadelphia.

This is significant, Cook asserts, because the FCI Fort Dix handbook did not provide the severity scale for institutional code violation act 297. He also contends that the use of this "false inculpatory evidence" at the DHO[2] hearing was a violation of his due process rights. (Pet. Motion, Doc. Entry No. 32 at pg. 3). Cook says that the substitution of the FCI Fort Dix form for a FDC Philadelphia form shows that the DHO was not impartial, and was, in fact, "vindictive and mean spirited." (Id.). Consequently, in relying upon the same evidence in denying Cook's habeas petition, Cook argues that this Court erred and that his Rule 60(b)(6) motion for relief from the Court's December 16, 2005 dismissal of Cook's habeas petition should be granted.

The respondent Warden filed a letter brief opposing Cook's Rule 60(b)(6) motion on January 25, 2008. The respondent counters that counsel had mistakenly noted the date of March 27, 2003 when referring, in the answer to the petition, to Cook's

---

filed on August 10, 2006, finding that the 2005 intake form had no probative value in determining whether Cook was aware of the prohibited conduct before May 14, 2003, when the prohibited telephone call occurred.

[2] "DHO" refers to Disciplinary Hearing Officer.

3

acknowledgment of his signature on the FDC Philadelphia Intake Screening Form.  This mistake apparently occurred because the FCI Fort Dix Intake Screening Form, with the signed date of March 27, 2003, was appended to the answer.  There was no copy of the March 13, 2003 FDC Philadelphia Intake Screening Form.

However, respondent argues that this error does not undermine this Court's decision because the record of the reconvened DHO hearing, on July 1, 2003, confirms that Cook had identified his signature on the FDC Philadelphia Intake Screening Form dated March 13, 2003.  Thus, Cook had been shown the Intake Screening Form and admitted that he had signed said form on March 13, 2003, indicating that he had indeed received a copy of a handbook containing the "Prohibited Acts and Disciplinary Severity Scale."

## II.   ANALYSIS

Rule 60(b) provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  The motion shall

>     be made within a reasonable time, and for reasons (1),
>     (2) and (3) not more than one year after the judgment,
>     order, or proceeding was entered or taken.

"The general purpose of Rule 60(b) ... is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978) (quoted in Coltec Industries, Inc. v. Hobgood, 280 F.3d 262, 271 (3d Cir.), cert. denied, 537 U.S. 947 (2002)).

>     A motion filed pursuant to Rule 60(b) is
>     "addressed to the sound discretion of the trial court
>     guided by accepted legal principles applied in light of
>     all the relevant circumstances." Ross v. Meagan, 638
>     F.2d 646, 648 (3d Cir. 1981). Rule 60(b), however,
>     "does not confer upon the district courts a
>     'standardless residual of discretionary power to set
>     aside judgments.'" Moolenaar v. Government of the
>     Virgin Islands, 822 F.2d 1342, 1346 (3d Cir. 1987).
>     Rather, relief under rule 60(b) is available only under
>     such circumstances that the "'overriding interest in
>     the finality and repose of judgments may properly be
>     overcome.'" Harris v. Martin, 834 F.2d 361, 364 (3d
>     Cir. 1987) (quoting Martinez-McBean v. Government of
>     the Virgin Islands, 562 F.2d 908, 913 (3d Cir. 1977)).
>     "The remedy provided by Rule 60(b) is 'extraordinary,
>     and [only] special circumstances may justify granting
>     relief under it.'" Moolenaar, 822 F.2d at 1346
>     (citations omitted).

Tischio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998) (citations omitted).

Here, Cook has failed to show any special circumstances that would justify granting relief under Rule 60(b)(6). He attempts to discredit the evidence by suggesting fraud or subterfuge by the respondent in submitting only the March 27, 2003 FCI Fort Dix

5

intake form.  The simple fact remains, however, that Cook was informed of the prohibited acts and disciplinary severity scale sufficient to impute knowledge at the time of his infraction on May 14, 2003.  The record confirms that Cook admitted to his signature on the March 13, 2003 FDC Philadelphia intake form, which acknowledges his receipt of the pertinent handbook.  This identification of his signature and the form was recorded at the July 1, 2003 reconvened DHO hearing.  It matters not that respondent's counsel mistakenly referred to the March 27, 2003 FCI Fort Dix intake form in respondent's answer to the petition.[3]

    Moreover, this Court's decision did not rest entirely upon the March 13, 2003 FDC Philadelphia Intake Form.  In its December 16, 2005 Opinion, this Court held that, regardless of whether Cook had received a handbook at FDC Philadelphia, Cook had

---

[3] Of course, this Court notes that it would have been better had the respondent provided a copy of the March 13, 2003 FDC Philadelphia intake form, which apparently has been lost. Counsel for respondent states that the record does not contain a copy of the March 13, 2003 signed intake form.  Nevertheless, the record does show that Cook identified his signature on the form at the reconvened hearing. Moreover, in his petition, Cook argued that he had been "blind-sided" by the March 13, 2003 intake form, thus admitting its existence.  While he claimed he had not actually received the "Admission and Orientation Handbook", he admitted that he had signed the intake form at FDC Philadelphia, which acknowledged receipt of the handbook.  In his March 29, 2005 traverse, Cook again acknowledged his signature on the March 13, 2003 intake form, although denying actual receipt of the handbook.  Consequently, there is enough evidential support in the record and by Cook's own admissions in this matter to conclude that a signed FDC Philadelphia Intake Form, dated March 13, 2003, had existed.

admitted that he received a copy of the FCI Fort Dix handbook, and this handbook clearly states that three way calls were prohibited and provides the severity scale for prison code violations.  Therefore, Cook had actual notice of the prohibited acts (three way calls) and the penalty associated with violation of these prohibited telephone calls and conversations.  (Docket Entry No. 18).

Thus, this Court finds Cook's argument concerning the March 13, 2003 FDC Philadelphia intake form to be contrived and unavailing.  Cook has failed to demonstrate any bias on the part of the DHO, nor has he shown that he was denied due process.  He also has not shown any purposeful deception by respondent concerning the March 13, 2003 FDC Philadelphia intake form, because the record and Cook himself had acknowledged its existence.  Cook has not produced any new evidence that would change the result reached by this Court in its original determination.  Nor has Cook demonstrated "extraordinary" and "special circumstances" to justify granting relief under Rule 60(b).  Moolenaar, 822 F.2d at 1346 (citations omitted).  Accordingly, there is no warrant for relief under Fed.R.Civ.P. 60(b)(6), and the motion will be denied.

III. <u>CONCLUSION</u>

For the reasons set forth above, petitioner's motion under Fed.R.Civ.P. 60(b)(6) for relief from this Court's December 16, 2005 Opinion and Order will be denied. An appropriate order follows.

<u>S/Robert B. Kugler</u><br>
ROBERT B. KUGLER<br>
United States District Judge

Dated: February 19, 2008